IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DETAILS CUSTOM BUILDERS, INC.,** | § | |
| Plaintiff, | § | |
| **V.** | § | |
| | § | |
| **RANDALL COHEN, ROBERT** | § | |
| **NETHERCUT, CORNBREAD** | § | |
| **VENTURES REAL ESTATE** | § | **A-26-CV-169-ADA-ML** |
| **HOLDINGS, LLC D/B/A Z'TEJAS** | § | |
| **SOUTHWESTERN GRILL, AND** | § | |
| **CORNBREAD VENTURES, LLC,** | § | |
| Defendant. | § | |
| | § | |
| **V.** | § | |
| | § | |
| **STELIOS RODITIS,** | § | |
| Third-Party | § | |
| Defendant | § | |
| | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

Third-Party Defendant Stelios Roditis's First Amended Motion To Dismiss (Dkt. 44, Mot.), Defendant Cornbread Ventures, LLC's Opposition To Third Party Defendant Stelios Roditis's First Amended Motion To Dismiss (Dkt. 47, Resp.), and Third-Party Defendant Stelios Roditis's Reply In Support Of His First Amended Motion To Dismiss (Dkt. 49, Repl.) are before the court.[1] Having considered the parties' briefing, the applicable law, and determining that a hearing is not necessary, the undersigned submits the following to the District Judge.

---

[1] United States District Judge Alan D Albright referred motions in this case to the undersigned for disposition or report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 20.

1

## I.    BACKGROUND

Plaintiff Details Custom Builders, Inc., ("DCB") brought this breach of contract suit against Defendants for failure to pay "Change Orders" related to construction work DCB did remodeling Defendants' Z'Tejas Southwestern Grill. Dkt. 1-2. Defendant Cornbread Ventures, LLC ("Cornbread") asserted its own breach of contract claim against DCB and a fraud claim against DCB and DCB's owner Stelios Roditis. Dkt. 43. Roditis has moved to dismiss for failure to state claim and lack of personal jurisdiction. Dkt. 44.

The court will first address the parties' Rule 12(b)(6) arguments first.

## II.    RULE 12(b)(6) MOTION

### A.  Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id.*  First, although

"a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

To the extent a complaint alleges claims sounding in fraud, Federal Rule of Civil Procedure 9(b) requires that plaintiffs go a step beyond the typical pleading standard: the underlying factual circumstances must be pleaded "with particularity." FED. R. CIV. P. 9(b)*.* "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs. v. J.M. Huber Corp*., 343 F.3d 719, 724 (5th Cir. 2003) (citing *Williams v. WMX Techs., Inc*., 112 F.3d 175, 179 (5th Cir. 1997)). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." While "particularity" varies with the circumstances of each case, Rule 9(b) generally requires specificity of the time, place, contents, and the identity of the person making false representations.  *Benchmark Elecs., Inc.*, 343 F.3d at 724; *WMX Techs., Inc.*, 112 F.3d at 179 (requiring the "who, what, when, where, and how" of the alleged fraud be stated).

### B. Analysis

Roditis argues Cornbread's fraud claim fails because Cornbread has failed to allege the "who, what, when, where, and how" of the fraudulent statements and has lumped Roditis and DCB together in its allegations. Roditis argues Cornbread must allege the statements he made in his personal capacity with specificity. Cornbread argues Roditis and DCB are inseparable and Roditis made false representations on behalf of DCB. Cornbread then argues it sufficiently pleaded the fraudulent statements at issue.

Texas law clearly provides for a cause of action against an agent individually for making fraudulent statements that induced another party to contract with the principal. *E. Texas Mack Sales, Inc. v. Nw. Acceptance Corp.*, 819 F.2d 116, 119 (5th Cir. 1987). Cornbread alleged Roditis is DCB's owner. Dkt. 43 ¶ 12. Additionally, in describing the factual bases for its claim, Cornbread alleges "Roditis represented to Cornbread" and "Roditis made numerous representations to Cornbread." Dkt. 43 ¶¶ 14, 16. Accordingly, Cornbread has adequately pleaded Roditis's personal liability. The court will next examine whether Cornbread pleaded its claim "with particularity."

Cornbread alleged:

> During introductory phone calls and emails directed to Cornbread in Texas, in late 2021 and early 2022, Roditis represented to Cornbread that his company, DCB, had the experience and skill necessary to handle both Projects, including the work involved in hiring and managing subcontractors in Texas and Arizona, and that DCB could complete them in the proposed timeframe. In fact, Roditis told Cornbread that he wanted to break further into the Texas market and that adding the Kyle Project to his portfolio would help him accomplish that goal—confirming that he and his company wanted to work in Texas and further establish DCB's presence in Texas. . . .
> Based upon Roditis's representations that DCB could effectively manage and complete the Projects in the proposed timeframe, Cornbread agreed to hire DCB . . . .
> Throughout both Projects, Roditis made numerous representations to Cornbread through in-person meetings in Texas, calls, and emails that the funds that Cornbread disbursed to DCB would be used to pay the subcontractors and

material suppliers that DCB hired for both projects as stated in DCB's pay applications, and that the Projects would be completed on time. . . .

. . . .

In each pay application, as well as numerous emails, Roditis represented that DCB would use the disbursed funds to make payment to the subcontractors and material suppliers for the work and materials that they had supplied, but then Roditis and DCB kept those funds for themselves, . . .

Dkt. 43 ¶¶ 14-16, 21.

Rule 9(b) generally requires specificity of the time, place, contents, and the identity of the person making false representations. *Benchmark Elecs., Inc.*, 343 F.3d at 724; *WMX Techs., Inc.*, 112 F.3d at 179. Here, Cornbread has sufficiently alleged the who—Roditis made the statements. But otherwise, its allegations fail the particularity requirement. The requisite degree of specificity necessarily depends upon the underlying facts of each particular case, so that no exact rule can be articulated. *OurLink, LLC v. Goldberg*, No. 3:08-CV-0745-P, 2008 WL 11425698, at *7 (N.D. Tex. Dec. 3, 2008) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067-68 (5th Cir. 1994)). Here, some of the alleged fraudulent statements are vague or the type of statements any party makes before entering into a contract—that it is capable and can perform on time— necessitating further specificity as to when they were made. Cornbread's allegations refer to "introductory phone calls and emails," "in-person meetings in Texas, calls, and emails," and "each pay application, as well as numerous emails." Dkt. 43 ¶¶ 14, 16 21. But Cornbread fails to provide any specificity as to when those statements were made beyond the general timeline of the work at issue, despite some of the statements being written. Additionally, Cornbread pleaded no facts that support the proposition that DCB did not have the necessary experience and skill to complete the work on time.

Accordingly, Cornbread has failed to adequately plead its fraud claim under Rule 9(b). Cornbread requests leave to amend to cure any deficiencies. As the June 26, 2026 deadline to

amend pleadings has not passed and as it appears that additional specificity is within Cornbread's knowledge, the undersigned recommends that Cornbread be granted leave to amend.

### III.       RECOMMENDATIONS

For the reasons given above, the undersigned **RECOMMENDS** the District Judge **GRANT** Third-Party Defendant Stelios Roditis's First Amended Motion To Dismiss (Dkt. 44) without prejudice and **GRANT** Cornbread Ventures, LLC's request to file a Second Amended Counterclaim and Third-Party Complaint.

### IV.       WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED June 8, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE